IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RIZWAN ALI,

    Plaintiff,

v.

JP MORGAN CHASE BANK and
WASHINGTON MUTUAL BANK,

    Defendants.

No. C 13-01184 JSW

**ORDER REQUIRING FURTHER BRIEFING ON DEFENDANT'S MOTION TO COMPEL ARBITRATION**

Now before the Court is the motion to compel arbitration and to stay proceedings pending arbitration filed by Defendant JPMorgan Chase Bank ("JPMC"). Plaintiff Rizwan Ali ("Plaintiff") contends that the arbitration agreement, the Binding Arbitration Agreement ("BAA"), is unconscionable.

The substantive inquiry of unconscionability looks to the terms of the agreement itself. An arbitration agreement that is not unconscionable requires a "modicum of bilaterality." *Armendariz v. Foundation Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 117 (2000). The California Supreme Court has recognized that:

> unconscionability turns not only on a "one-sided" result, but also on an absence of "justification" for it. If the arbitration system established by the employer is indeed fair, then the employer as well as the employee should be willing to submit claims to arbitration. Without reasonable justification for this lack of mutuality, arbitration appears less as a forum for neutral dispute resolution and more as a means of maximizing employer advantage. Arbitration was not intended for this purpose.

*Id.* at 117-18 (citations omitted).

In the BAA, the Court notes that actions seeking only emergency, temporary, or preliminary relief are not required to be arbitrated. Plaintiff argues only employers, and not employees, would be likely to seek such relief. JPMC does not contest this argument. Nor does JPMC offer any justification for excluding from arbitration such actions which are likely only to be brought be JPMC.

In addition, in order to initiate an arbitration under the BAA, a covered party must send a written demand to JPMC within the statute of limitations period and then JPMC shall file a demand with the AAA within thirty days "or as soon as practicable thereafter." Therefore the time period for JPMC to actually file the demand is open-ended. Moreover, the BAA does not provide any notice requirements for JPMC if JPMC seeks to initiate arbitration. Nor does the BAA set comparable deadlines for claims brought by JPMC. JPMC does not offer any justification for why the notice requirements, including the deadline within which notice is required, are not bilateral.

Moreover, the Court notes that while courts have the authority to sever offending provisions of an arbitration agreement, "courts must have the *capacity* to cure the unlawful contract through severance or restriction of the offending clause, which ... is not invariably the case." *Armendariz*, 24 Cal. 4th at 124 (emphasis in original). It is not clear how the Court could cure the unilateral nature of the notice provision through severance or restriction.

The Court HEREBY DIRECTS JPMC to file a supplemental brief to address the Court's concerns described above by no later than June 20, 2013. Plaintiff may file a supplemental response by no later than June 27, 2013. The Court CONTINUES the hearing on the motion to compel arbitration from June 21, 2013 to August 23, 2013 at 9:00 a.m.

**IT IS SO ORDERED.**

Dated: June 13, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2